# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL P. DEFER,

    Plaintiff,

v.

                                        Case No. 06-13521
                                        Hon. Gerald E. Rosen

WORLD FINANCIAL NETWORK
NATIONAL BANK,

    Defendant.
_____/

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

        At a session of said Court, held in
       the U.S. Courthouse, Detroit, Michigan
       on    October 15, 2007

       PRESENT:    Honorable Gerald E. Rosen
                            United States District Judge

## I. INTRODUCTION

Plaintiff Daniel P. Defer commenced this action in this Court on August 4, 2006, alleging that Defendant World Financial Network National Bank violated the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.,* by failing to indicate on Plaintiff's credit report that a credit card debt purportedly owed to Defendant remains in dispute. This Court's subject matter jurisdiction rests upon Plaintiff's assertion of a claim arising under federal law. See 28 U.S.C. § 1331.

By motion filed on April 30, 2007, Defendant now seeks summary judgment in its

favor on Plaintiff's claim under the FCRA. In support of this motion, Defendant argues that it properly closed its investigation and removed the "disputed" designation from Plaintiff's debt upon Plaintiff's failure to cooperate in Defendant's investigation by providing certain requested information. In response, Plaintiff contends that he did all he could do to assist in Defendant's investigation, and that the additional information sought by Defendant is not within his possession.

Having reviewed the parties' submissions in support of and opposition to Defendant's motion, the accompanying exhibits, and the record as a whole, the Court finds that the relevant facts, allegations, and legal arguments are adequately presented in these written materials, and that oral argument would not aid the decisional process. Accordingly, the Court will decide Defendant's motion "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons stated below, the Court finds that this motion must be denied in light of outstanding issues of material fact.

## II. FACTUAL BACKGROUND

The debt at issue here arose from the use of a credit card issued by Defendant World Financial Network National Bank on behalf of the Victoria's Secret chain of stores. This credit card account evidently is held in the name of Plaintiff Daniel P. Defer, either individually or jointly with his estranged wife, Kim Defer.[1] Defendant states that

---

[1]The parties' assertions regarding this account, like most of the factual assertions made in the briefs in support of and opposition to Defendant's motion, are essentially unsupported by any

this account was opened in October of 2004, and that it was regularly used and payments made for about a year, but that the payments then ceased and it is now past due.

According to Plaintiff's complaint, his estranged wife has used his personal information, including his social security number, to open credit card accounts and run up debts in Plaintiff's name, all without his knowledge or consent. Upon learning of this, Plaintiff sent letters to Defendant and to certain credit reporting agencies denying that he owed various debts, including the outstanding debt on the credit card issued by Defendant. Plaintiff also filed a report with the Adrian, Michigan police department, claiming that he was the victim of identity theft committed by his estranged wife. According to Plaintiff, this investigation is still ongoing, with the police still purportedly considering whether to file charges against his now ex-wife.

Upon receiving Plaintiff's letter disputing his debt, Defendant opened an investigation in early April of 2006 and purportedly advised the credit bureaus of the account's disputed status. Defendant then wrote to Plaintiff on May 18, 2006, requesting that he provide a copy of the police report he had filed regarding his ex-wife's alleged

---

evidence in the record. Defendant's motion, for instance, rests largely upon print-outs of computer screens, without any accompanying affidavit that might authenticate these print-outs, explain their source or contents, or otherwise suggest any ground upon which they might be deemed admissible evidence that the Court could properly consider in resolving the present motion. While Plaintiff, in contrast, has provided his affidavit in support of his response to Defendant's motion, this affidavit is short on detail as to certain matters which, as discussed below, the Court finds relevant to its present inquiry. The upshot is that the Court essentially has been left to decide Defendant's motion on the pleadings, without any indication of any additional evidence that the parties might have obtained during discovery that might bear upon their claims or defenses.

identity theft.[2]  When Plaintiff failed to do so by June 1, 2006, Defendant closed its investigation and removed the "disputed" status from its account as reflected on Plaintiff's credit report.  This suit followed, with Plaintiff alleging that Defendant violated the FCRA by failing to conduct an appropriate investigation and prematurely removing the "disputed" designation from the debt it claims is owed by Plaintiff.

### III.  ANALYSIS

**A.     The Standards Governing Defendant's Motion**

Through the present motion, Defendant seeks an award of summary judgment in its favor on Plaintiff's claims under the FCRA.  Under the pertinent Federal Rule, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

As noted earlier, this Court's task has been made considerably more difficult by Defendant's failure to support its factual assertions and arguments with citations to admissible evidence.  Nonetheless, the parties seemingly agree upon most (but not all) of the pertinent facts.  Against this incomplete evidentiary backdrop, the Court turns to the contentions advanced in support of Defendant's motion.

---

[2]Again, as with so many other factual assertions advanced in support of its motion, Defendant has not provided a copy of this letter to Plaintiff, but instead points to print-outs of computer screens that apparently are supposed to show that such a letter was sent.

**B.     Issues of Material Fact Remain as to Whether Defendant Reasonably Investigated Plaintiff's Claim of Identity Theft.**

The sole ground for Defendant's motion is that it properly terminated its investigation of Plaintiff's claim of identity theft upon Plaintiff's failure to cooperate in this investigation by providing a copy of the police report he had filed with the police in Adrian, Michigan. In response, Plaintiff asserts that he has "done everything [he] can do" to dispute the debt that Defendant claims he owes, (Plaintiff's Aff. at ¶ 2), and that he cannot provide the "finalized" police report purportedly sought by Defendant until the ongoing police investigation is concluded. While the parties' submissions leave much to be desired in identifying evidentiary support for their respective positions, the Court finds that this evidentiary void has resulted in issues of material fact that preclude an award of summary judgment in Defendant's favor.

As one court has observed, "[t]he FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." Stafford v. Cross Country Bank, 262 F. Supp.2d 776, 782 (W.D. Ky. 2003). In this case, it is clear that Defendant lies within the last of these three categories. Accordingly, the FCRA establishes various prohibitions and duties with regard to the information Defendant provides to consumer credit reporting agencies, including: (i) a prohibition against furnishing consumer-related information that it "knows or has reasonable cause to believe" is inaccurate, 15 U.S.C. § 1681s-2(a)(1)(A); (ii) a prohibition against furnishing information after being notified by

the consumer, and then confirming, that this information is inaccurate, 15 U.S.C. § 1681s-2(a)(1)(B); (iii) a duty to correct any inaccuracies in information previously provided to a credit reporting agency, 15 U.S.C. § 1681s-2(a)(2); (iv) a duty, when presented with a consumer's dispute as to the completeness or accuracy of information, not to furnish this information to a credit reporting agency without "notice that such information is disputed by the consumer," 15 U.S.C. § 1681s-2(a)(3); and (v) a duty, upon receiving an "identity theft report" from a consumer, not to furnish any information based upon this alleged identity theft to any credit reporting agency unless it "knows or is informed by the consumer that the information is correct," 15 U.S.C. § 1681s-2(a)(6)(B). In addition, and of particular relevance here, Defendant has a duty, upon receiving notice from a credit reporting agency that a consumer has disputed the accuracy or completeness of information it has provided, to "conduct an investigation with respect to the disputed information" and report the results of its investigation to the credit reporting agency. 15 U.S.C. § 1681s-2(b)(1).

In this case, Defendant contends that it properly reported Plaintiff's debt as disputed and commenced the requisite investigation upon receiving a letter from Plaintiff in early April of 2006 claiming that he had been the victim of identity theft and therefore did not owe the debt that Defendant sought to collect from him. In the course of this investigation, Defendant purportedly requested that Plaintiff provide a copy of the report he had filed with the police in Adrian, Michigan, but Plaintiff failed to comply with this request. In light of this failure, Defendant maintains that it was entitled to abandon its

investigation, in accordance with an FCRA provision that authorizes a "consumer reporting agency" to terminate its investigation into a consumer-generated dispute if the consumer fails "to provide sufficient information to investigate the disputed information." 15 U.S.C. § 1681i(a)(3)(A).

There are at least two separate obstacles, however, to the Court's acceptance of this proposition as a matter of law. First, the above-quoted FCRA provision applies only to ***consumer reporting agencies,*** and not to entities, such as Defendant, that furnish information to these agencies. Defendant's investigative duties arise under and are governed by § 1681s-2(b)(1), and not §1681i(a). While the latter provision contemplates a direct interaction with the consumer who disputes a debt, the former does not. Rather, an investigation by a furnisher of information, such as Defendant here, is triggered by notice from a credit reporting agency, as opposed to a consumer, and entails the review of "all relevant information provided ***by the consumer reporting agency***," 15 U.S.C. § 1681s-2(b)(1)(B) (emphasis added), as opposed to information obtained from the consumer. See Stafford, 262 F. Supp.2d at 784 (observing that a furnisher's obligation to investigate is triggered by notice from a credit reporting agency, and not from a consumer).[3] Nothing in the pertinent statutory provision, therefore, suggests that a

---

[3] Although the record indicates that Plaintiff directly contacted Defendant regarding his claim of identity theft, (see, e.g., Defendant's Motion, Ex. 2), it is silent as to whether Defendant received notice from a credit reporting agency that Plaintiff disputed the debt owed to Defendant. Because the parties do not address this issue, the Court need not resolve it here, but instead assumes, for present purposes, that Defendant's investigative duty under § 1681s-2(b)(1)(A) arose as a result of some notice or communication from a credit reporting agency.

7

furnisher of information such as Defendant may abandon its investigation if it is unable to satisfy its desire for additional information through direct interaction with the consumer. Rather, Defendant's apparent recourse would be to seek additional information from the credit reporting agency that gave notice of the dispute.

Apart from its reliance on an inapplicable FCRA provision, Defendant also has failed to establish as a matter of law that it fully discharged its investigative duty under the provision that ***does*** apply, § 1681s-2(b)(1)(A). This provision itself merely requires that furnishers of information such as Defendant "conduct an investigation," § 1681s-2(b)(1)(A), without specifying what this investigation must entail or what standards might govern judicial review of this investigation. The courts, however, have construed the statute as demanding a "reasonable" investigation. See, e.g., Westra v. Credit Controls of Pinellas, 409 F.3d 825, 827 (7th Cir. 2005); Johnson v. MBNA America Bank, NA, 357 F.3d 426, 430-31 (4th Cir. 2004); Akalwadi v. Risk Management Alternatives, Inc., 336 F. Supp.2d 492, 510 (D. Md. 2004); Bruce v. First U.S.A. Bank, N.A., 103 F. Supp.2d 1135, 1143 (E.D. Mo. 2000). The courts have further stated that the reasonableness of an investigation generally is a question for the trier of fact to resolve. See Westra, 409 F.3d at 827; Akalwadi, 336 F. Supp.2d at 510; Bruce, 103 F. Supp.2d at 1143.[4]

---

[4]It should be noted that there is a degree of uncertainty as to whether consumers have a right of action to challenge an investigation undertaken by a furnisher of information under § 1681s-2(b)(1)(A). While the FCRA expressly ***precludes*** such a consumer suit arising from a breach of the duties owed by furnishers of information under § 1681s-2(a), see 15 U.S.C. § 1681s-2(c)(1), it is silent as to whether a consumer cause of action exists for an alleged failure to conduct an investigation in accordance with § 1681s-2(b). This statutory silence, when juxtaposed against the statute's express prohibition against other sorts of consumer suits, has led

This Court readily concludes that the reasonableness of Defendant's investigation cannot be ascertained as a matter of law under the present record. Most notably, while Defendant suggests that its investigation was effectively scuttled by Plaintiff's failure to provide the requested copy of the police report he filed regarding his claim of identity theft,[5] the record lends no support to this contention. To the contrary, the limited record, such as it is, indicates (i) that Plaintiff did, in fact, file such a report with the Adrian, Michigan police, (ii) that Defendant was fully aware, and did not dispute, that such a report was filed,[6] (iii) that Defendant was in contact with an Adrian police officer who evidently confirmed the existence of an investigation into Plaintiff's claim of identity fraud by his estranged wife, and (iv) that the police investigation was still ongoing when

---

most courts to conclude that a consumer may seek judicial review of a furnisher's alleged violation of its duties under § 1681s-2(b). See, e.g., Akalwadi, 336 F. Supp.2d at 509; Stafford, 262 F. Supp.2d at 783 & n.4 (collecting cases). But see Carney v. Experian Information Solutions, Inc., 57 F. Supp.2d 496, 502 (W.D. Tenn. 1999) (reasoning that the investigative duty established under § 1681s-2(b) is owed only to credit reporting agencies, and not to consumers). Again, since Defendant has not raised this issue in its motion, the Court need not address it here.

[5] It bears mention, once again, that Defendant has not pointed to any admissible evidence reflecting that it made such a request for a police report. Plaintiff, in turn, largely ignores this question, and instead insists — again, without citation to admissible evidence — that Defendant sought a "finalized" police report that he was in no position to provide while the police investigation remained ongoing. Plaintiff does not indicate whether Defendant also requested any police reports he might have filed, or whether he complied with any such request.

[6] Potentially, one source of Defendant's knowledge on this point was an "ID Theft Affidavit" that Plaintiff evidently completed in March of 2006. In this affidavit, Plaintiff detailed his allegations of identity theft by his estranged wife, and provided further information about the report he had made to the Adrian police. (See Plaintiff's Response, Ex. 3.) Somewhat characteristically, however, Plaintiff has not produced any evidence that he provided a copy of this "ID Theft Affidavit" to Defendant in the course of the parties' correspondence regarding Plaintiff's disputed debt.

Defendant made its purported request for a copy of the police report.

Under this record, it is difficult to see — and Defendant does not endeavor to explain — why it was essential to Defendant's investigation that Plaintiff provide a copy of whatever report he might have made that led the police to initiate an investigation into his allegations of identity theft. Even without this report, Defendant certainly was aware, at a minimum, that Plaintiff's dispute of his debt was grounded in a claim of identity theft, and that he had raised these allegations of identity theft in a report to the police. If Defendant needed any additional information to conduct a reasonable investigation — and it has not suggested what this additional information might be — it would appear that any such information was readily available from other sources. Consequently, the Court cannot accept Defendant's contention that it acted reasonably as a matter of law by abandoning its investigation upon Plaintiff's failure to comply with a purported request for a copy of the report he filed with the Adrian police.

## IV. CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's April 30, 2007 motion for summary judgment is DENIED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: October 15, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 15, 2007, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager
