# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL P. DEFER,

      Plaintiff,

                                         Case No. 06-13521

v.                                     Hon. Gerald E. Rosen

WORLD FINANCIAL NETWORK
NATIONAL BANK,

      Defendant.

_____/

## ORDER REGARDING
## PLAINTIFF'S PETITION FOR COSTS AND FEES

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     May 16, 2008

PRESENT:  Honorable Gerald E. Rosen
                United States District Judge

At a November 6, 2007 final pretrial settlement conference, the parties agreed to settle this case, with Defendant agreeing (i) to pay $1,000 to Plaintiff, (ii) to take the necessary steps to remove from Plaintiff's credit report the negative trade line evidencing the subject debt in this case, and (iii) to pay the attorney fees and costs reasonably incurred by Plaintiff and his counsel in this case. This agreement was then embodied in a stipulation and order entered by the Court on December 18, 2007. As stated in this stipulation and order, if the parties were unable to agree on the amount of an attorney fee award, Plaintiff was to file a petition seeking the Court's approval of his request for fees

and costs.

In a petition filed on November 26, 2007, Plaintiff states that the parties have been unable to reach an agreement on an appropriate fee award, and he requests that the Court award fees and costs in the amount of $9,801.85. This total reflects (i) 36.5 hours of attorney billings, at a rate of $250 per hour,[1] (ii) 1.9 hours of paralegal billings, at a rate of $25 per hour, and (iii) various costs totaling $629.35. In a response filed on December 10, 2007, Defendant argues that the total amount sought by Plaintiff is excessive, and that certain specific billing entries in Plaintiff's supporting documentation are suspect.

As to the first of Defendant's two challenges, the Court cannot agree that Plaintiff's fee request is *per se* excessive. The billings of Plaintiff's counsel encompass (i) the preparation and filing of a complaint, (ii) a full period of discovery, (iii) a successful opposition to Defendant's motion for summary judgment, (iv) the preparation of a proposed joint final pretrial order, and (v) the preparation and filing of a statement of fees and costs and the present petition. Under this record, the Court finds that Plaintiff's counsel could reasonably have expended 36.5 hours in these efforts spanning all phases of this case.

Nonetheless, the Court agrees with Defendant that certain of Plaintiff's counsel's billing entries fail to support the full amount of the requested fee award. First, Defendant points to three entries that describe tasks that were at least partially performed by a

---

[1]At the final pretrial settlement conference, the Court and the parties agreed that this was a reasonable hourly rate.

2

paralegal, but that are included among the 36.5 hours of attorney billings. Although these entries also describe, or at least allude to, tasks that an attorney could be expected to perform, the Court largely agrees with Defendant on this point, and accordingly deducts 1.5 hours from Plaintiff's 36.5-hour attorney total while adding this same amount to the 1.9 hour paralegal total.[2]

Defendant next challenges Plaintiff's effort to collect attorney fees for discovery efforts that, in Defendant's view, sought irrelevant materials. The Court declines to inquire into the merits of the parties' discovery requests at this late date, where the overall amount of Plaintiff's request for fees appears reasonable, and where the discovery-related portion of this request does not constitute a disproportionate share of the overall amount.

Finally, Defendant objects to Plaintiff's entries reflecting 1.3 hours of attorney time to prepare a statement of fees and costs and an additional 3.0 hours of attorney time to prepare the present petition. The Court agrees that these amounts are somewhat excessive, and thus reduces the total number of attorney hours by an additional 2 hours. This results in a total of 33 hours of attorney billings (at $250 per hour), 3.4 hours of paralegal billings (at $25 per hour), and costs of $629.35, for a total award of $8,964.35.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's November 26,

---

[2]While Defendant vaguely states that Plaintiff's supporting documentation includes "a number of other entries that would invite scrutiny," the Court declines this invitation to identify additional such entries, where Defendant and its counsel have failed to do so.

2007 petition for costs and fees is GRANTED IN PART, in accordance with the rulings

in this order.  IT IS FURTHER ORDERED that Defendant shall pay to Plaintiff the

amount of **$8,964.35** in attorney fees and costs, in addition to the underlying amount of

$1,000 as agreed to by the parties in the December 18, 2007 stipulation and order of

settlement.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated:  May 16, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record
on May 16, 2008, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager